[Civ. No. 46442. Second Dist., Div. One. Dec. 22, 1975.]

BERTRAM BARTHOLOMEW, JR., Plaintiff and Appellant, v. KLINGLER COMPANY, Defendant and Respondent.

**COUNSEL**

Jefferson, Hopkins & Reed and Albert E. Hopkins for Plaintiff and Appellant.

Sweeney, Cozy & Diederich and Daniel B. Diederich for Defendant and Respondent.

**OPINION**

**HANSON, J.—**

### INTRODUCTION

Plaintiff Bertram Bartholomew, Jr., a police officer (hereinafter plaintiff), appeals from a dismissal following the granting of a motion for

judgment on the pleadings in favor of defendant The Klingler Company, a landowner (hereinafter defendant). Plaintiff alleged that he sustained personal injuries when he fell through the ceiling in defendant's building while searching for possible intruders after responding to a silent burglar alarm.

## THE PLEADINGS

Plaintiff Bartholomew in his "First Amended Complaint for Personal Injuries" alleges in substance that on January 27, 1971, defendant Klingler was the owner and in possession of certain premises in Gardena, California, where it manufactured paper products; that he was a deputy sheriff for the County of Los Angeles who went to the premises in response to a warning from a silent burglar alarm system; that defendant knew or should have known that he, a police officer, would enter upon the premises if the silent burglar alarm was activated; that when he arrived at the premises a servant or agent of defendant opened the door; that there was an inner office located within the premises which had an overhead ceiling; that on the outer wall of the office defendant maintained a ladder which led to the ceiling of the inner office; that stored on the ceiling of this office were many large boxes and a large, furnace-like structure where a person could conceal himself; that defendant's servant or agent knew or should have known of the defective condition of the ceiling which constituted a hidden danger since it would not support a person's weight; that he received no warning; that in the course of his search of the premises for possible intruders he ascended the ladder, stepped onto and fell through the ceiling of the inner office, thus injuring himself.

Plaintiff further alleges as second, third and fourth causes of action that defendant's failure to comply with certain statutory standards and safety devices constituted the proximate cause of his injuries.

Defendant's answer denies the allegations of the complaint and alleges as an affirmative defense that plaintiff's action is barred because the injuries occurred as he carried out his normal duties as a police officer.

The trial court granted defendant's motion for judgment on the pleadings on the basis that recovery was barred, as a matter of law, based upon analogy to the "fireman's rule" enunciated in *Scott* v. *E. L. Yeager Constr. Co.,* 12 Cal.App.3d 1190 [91 Cal.Rptr. 232], and *Giorgi* v. *Pacific Gas & Elec. Co.,* 266 Cal.App.2d 355 [72 Cal.Rptr. 119].

Plaintiff appeals.

CONTENTIONS

On appeal plaintiff police officer contends that the court below erred in granting the judgment on the pleadings because the abolition of status as a determinant of the property owner's duty (*Rowland* v. *Christian,* 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]), the removal of the defense of assumption of risk (*Li* v. *Yellow Cab Co.,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226]), and the limitations inherent in the "fireman's rule" militate against use of the "fireman's rule" to bar his action.

Defendant-respondent argues that the "fireman's rule" is applicable to the facts of the present case because, although there is no California authority directly in point, policemen and firemen are generally considered to constitute a special class with a *sui generis* status. (*Shypulski* v. *Waldorf Paper Products Co.,* 232 Minn. 394 [45 N.W.2d 549].)

Thus, the sole issue, broadly stated, is whether or not a police officer who comes on premises in the course of duty may recover from a landowner damages for personal injuries caused by a known but hidden danger of which the officer received no warning.

DISCUSSION

The trial court granted the judgment on the pleadings on the basis that recovery by plaintiff, a police officer, was barred as a matter of law by analogy with the "fireman's rule."

The "fireman's rule," as stated in *Scott* v. *E. L. Yeager Constr. Co., supra,* 12 Cal.App.3d at pages 1198-1199 is: ". . . that where the defendant's negligence, whether active or passive, creates an apparent risk, which is of the type usually dealt with by firemen, and which is the cause of the fireman's presence, and which is the direct cause of the fireman's injury, the defendant is not liable to the fireman." (See also *Giorgi* v. *Pacific Gas & Elec. Co., supra,* 266 Cal.App.2d at p. 359.)

 We conclude that the facts as alleged in the complaint remove the instant case from the limited ambit of the "fireman's rule." In addition, recent California Supreme Court decisions have undercut the rationale supporting the rule, which militate against extending the ambit of the rule to the case at bench.

The *Scott* and *Giorgi* cases are factually distinguishable from the case at bench. The "fireman's rule" has not been applied in California to negligence other than that which started the fire. The court in *Scott* carefully pointed out the limitations to application of the rule when it said: "We need not and do not deal with situations involving intentional or willful or wanton misconduct, *nor situations in which there is some hidden danger known to the defendant but not to the fireman,* nor situations in which the fireman is injured as a result of some risk beyond those inevitably involved in firefighting. Neither do we deal with those situations in which the defendant's negligence occurred after the fireman arrived on the scene and materially enhanced the risk of harm or created a new risk of harm. None of those situations are presented by the case at bench." (Italics added.) (*Scott* v. *E. L. Yeager Constr. Co., supra,* 12 Cal.App.3d at p. 1199.) The court in *Giorgi, supra,* applied the "fireman's rule" only to a fireman involved in fighting a fire, and the cause of action was instituted against a party whose passive negligence caused that fire.

The complaint in the present case alleges that plaintiff police officer entered upon defendant's property in the line of his official duty, that a known concealed defect existed on the premises, and that defendant failed to warn him of the danger despite the opportunity to do so. The suggestion has been made by courts in other jurisdictions that the existence of such facts may establish liability.

"[W]e believe that the better rule by far is that landowners and occupants alike owe a duty to firemen to warn them of hidden perils where the landowner or occupant has knowledge of the peril and the opportunity to give warning." (*Shypulski* v. *Waldorf Paper Products Co., supra,* 232 Minn. 394, at p. 402. [45 N.W.2d at p. 553].) The court in *Beedenbender* v. *Midtown Properties* (1957) 4 App.Div.2d 276 [164 N.Y.S.2d 276], stated at pages 280-281: "Whether they [policemen and firemen] have entered to route a prowler or to fight a fire on the same or on the adjacent premises, whether they have been summoned by the owner or enter of their own volition, the duties owed them do not vary. The duties are twofold. First, the owner is obliged to use reasonable care to keep in safe condition those parts of the premises which are utilized as the ordinary means of access for all persons entering thereon . . . . Second, if the owner knows of the presence on the premises of officially privileged persons, such as firemen or policemen, is cognizant of a dangerous condition thereon, and has reason to believe that they are unaware of the danger, he has a duty to warn them of the condition and of the risk involved."

In addition, recent landmark California Supreme Court decisions have adumbrated the rationale supporting the "fireman's rule." Two aspects to the rationale upon which the "fireman's rule" is based are (a) that a fireman's status or, as here, a police officer's status is akin to that of a licensee,[1] and (b) that a fireman or, as here, a policeman impliedly assumed the risk in his hazardous occupation.

First, as to a fireman's or policeman's status being akin to that of a licensee, the California Supreme Court in *Rowland* v. *Christian, supra,* 69 Cal.2d 108, abolished in California the distinctions of status which constituted the traditional determinative characteristics for evaluation of the duty of the possessor of land to one who ventured upon his property. The California Supreme Court, in so doing, emphasized that the controlling rationale should be criteria of "reasonableness" taking into consideration the relevant facts and circumstances.[2]

■ Secondly, the principle supporting the "fireman's rule" that the fireman impliedly assumed the risk of hazards inherent in his occupation has been rendered dubious in light of *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, which has adopted the controlling rule of comparative negligence. Since the application of the comparative negligence rule the defense of assumption of risk appears no longer available to absolve the

[1]The logical foundations of the "fireman's rule" rested in part upon the status of a fireman, which was similar to that of a licensee when he entered upon a citizen's property. (See *Mulcrone* v. *Wagner,* 212 Minn. 478 [4 N.W.2d 97, 141 A.L.R. 580].)

[2]In *Rowland* v. *Christian, supra,* 69 Cal.2d at pages 118-119, the court said: "A man's life or limb does not become less worthy of protection by the law nor a loss less worthy of compensation under the law because he has come upon the land of another without permission or with permission but without a business purpose. Reasonable people do not ordinarily vary their conduct depending upon such matters, and to focus upon the status of the injured party as a trespasser, licensee, or invitee in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values. The common law rules obscure rather than illuminate the proper considerations which should govern determination of the question of duty.

"It bears repetition that the basic policy of this state set forth by the Legislature in section 1714 of the Civil Code is that everyone is responsible for an injury caused to another by his want of ordinary care or skill in the management of his property. The factors which may in particular cases warrant departure from this fundamental principle do not warrant the wholesale immunities resulting from the common law classifications, and we are satisfied that continued adherence to the common law distinctions can only lead to injustice or, if we are to avoid injustice, further fictions with the resulting complexity and confusion. We decline to follow and perpetuate such rigid classifications. The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."

possessor of land totally of his duty with respect to persons engaged in these professions.[3]

## CONCLUSION

■ We conclude, by reason of the foregoing, that the application of the "fireman's rule" as the basis, as a matter of law, for granting the motion for judgment on the pleadings by the court below was erroneous.

We hold that the proper test to be applied to the liability of the defendant, as alleged, in the instant case is that of "reasonableness" as enunciated in *Rowland* v. *Christian, supra,* and should be resolved by the trier of fact.

The judgment of dismissal is reversed.[4]

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied January 19, 1976.

---

[3]"As for assumption of risk, we have recognized in this state that this defense overlaps that of contributory negligence to some extent and in fact is made up of at least two distinct defenses. 'To simplify greatly, it has been observed . . . that in one kind of situation, to wit, where a plaintiff *unreasonably* undertakes to encounter a specific known risk imposed by a defendant's negligence, plaintiff's conduct, although he may encounter that risk in a prudent manner, is in reality a form of contributory negligence . . . . Other kinds of situations within the doctrine of assumption of risk are those, for example, where plaintiff is held to agree to relieve defendant of an obligation of reasonable conduct toward him. Such a situation would not involve contributory negligence, but rather a reduction of defendant's duty of care.' " (Original italics.) (*Li* v. *Yellow Cab Co., supra,* 13 Cal.3d at pp. 824-825.)

[4]Since the California Supreme Court granted a petition for hearing in the case of *Walters* v. *Sloan* (Cal.App.) the holding in that case is not determinative of the case at bench and has not been discussed. Moreover, the *Walters* case is factually distinguishable in that the case at bench involves allegedly unsafe premises while, in *Walters,* the alleged injury was directly caused as a result of a disturbance which the police officers attempted to quell in the course of their duty.