[Civ. No. 58394. Second Dist., Div. Two. June 24, 1980.]

JOHN PETER KOCAN, Plaintiff and Appellant, v.
ROBERT GARINO, Defendant and Respondent.

COUNSEL

Lazarus, Reed & Attaway and James H. Attaway for Plaintiff and Appellant.

Robert S. Priver for Defendant and Respondent.

OPINION

**ROTH, P. J.**—In May of 1979, appellant filed his complaint for personal injuries against respondent wherein he alleged that he was an officer of the Los Angeles Police Department who on May 17, 1978, was acting within the scope of such employment; that on that date and for a considerable time prior thereto respondent as the owner and possessor of certain real property negligently maintained it in such fashion as knowingly to allow a fence on the premises abutting an alleyway adjacent thereto to fall into a dilapidated and unsafe condition; that on that date appellant was in hot pursuit of a felony suspect who proceeded from the alleyway into the back yard of respondent's property; and that when appellant continued pursuit over the fence it gave way, proximately causing him severe injury.

Respondent's general demurrer was sustained without leave to amend, apparently on the basis appellant was precluded from recovery by the so-called "fireman's rule." For the reasons hereinafter set out, we reverse the trial court's determination.

The fireman's rule, first expressly articulated as the law in California in *Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355 [72 Cal.Rptr. 119], found confirmation of its rationale and continuing vitality by our Supreme Court in *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609]. There a police officer was summoned to a residence when disorder developed among some 200 persons at a party where the defendant, as the occupier of the premises and hostess, had supplied her guests with liquor and drugs. The officer was injured when he attempted to effect arrests and brought suit against the hostess. In holding such an action barred by the fireman's rule, it was said: "The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire. Firemen, 'whose occupation by its very nature exposes them to particular risks of harm, "cannot complain of negligence in the creation of the very occasion for [their] engagement."'" (*Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 369 [99 Cal.Rptr. 29, 491 P.2d 821].) While denominated the fireman's rule, the rule is applicable to policemen as well. (*Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 357 [72 Cal.Rptr. 119].)

"․ . . . . . . . . . . . .

"The earliest cases developed the fireman's rule within the context of landowner liability; the landowner was not liable for dangerous conditions known to the claimant. . . .

"While modernizing has brought the law of landowner liability into accord with current concepts of tort liability by eliminating formalistic categories—invitees, licensees, trespassers (see *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496])—the fireman's rule is not based on such categorizations. . . .

"Rather, the fireman's rule is based on a principle as fundamental to our law today as it was centuries ago. The principle is not unique to landowner cases but is applicable to our entire system of justice—one

who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby.

"..  .  .  .  .  .  .  .  .  .  .  .  .  .

"A second reason underlying the fireman's rule does not have a significant historical background, but rather is a modern one of public policy, adopted by progressive courts and based on fundamental concepts of justice. As succinctly stated in *Solgaard v. Guy F. Atkinson Co., supra*, 6 Cal.3d 361, 369, firemen '"cannot complain of negligence in the creation of the very occasion for [their] engagement."' (*Giorgi v. Pacific Gas & Electric Co.,* 266 Cal.App.2d 355....)'

"Former Chief Justice Weintraub of the Supreme Court of New Jersey explained the principle. 'The question is ultimately one of public policy, and the answer must be distilled from the relevant factors involved upon an inquiry into what is fair and just....[¶] [I]t is the fireman's business to deal with that very hazard [the fire] and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid. Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk, the fireman should receive appropriate compensation from the public he serves both in pay which reflects the hazard and in workmen's compensation benefits for the consequences of the inherent risks of the calling.' (*Krauth v. Geller, supra,* 157 A.2d 129, 130-131.)" (Fns. omitted.) (*Id.,* at pp. 202-205.)

At the same time, it was observed that: "Other negligent conduct or willful misconduct may create liability to the injured fireman or policeman. (See *Giorgi v. Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 360 [72 Cal.Rptr. 119]; 2 Harper & James, The Law of Torts (1956) pp. 1503-1505.) Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule bars recovery against the owner

of the parked car for negligent parking." (*Ibid.*, at p. 202, fn. 2.) This latter notion, whose clear effect is to limit the scope of the rule, was likewise focused on in *Bartholomew* v. *Klingler Co.* (1975) 53 Cal. App.3d 975 [126 Cal.Rptr. 191], which involved a sheriff's officer who responded to a warning from a silent burglar alarm system and who, while investigating a ceiling area where an intruder might be secreted, fell through the allegedly defective ceiling and was injured. It was there pointed out in holding a cause of action had been stated that: "The 'fireman's rule,' as stated in *Scott* v. *E. L. Yeager Constr. Co., supra,* 12 Cal.App.3d at pages 1198-1199 [91 Cal.Rptr. 232] is: '...that where the defendant's negligence, whether active or passive, creates an apparent risk, which is of the type usually dealt with by firemen, *and which is the cause of the fireman's presence,* and which is the direct cause of the fireman's injury, the defendant is not liable to the fireman.' (See also *Giorgi* v. *Pacific Gas & Elec. Co., supra,* 266 Cal.App.2d at p. 359.)

"      .      .      .      .      .      .      .      .      .      .      .      .      .      .      .

"The *Scott* and *Giorgi* cases are factually distinguishable from the case at bench. The 'fireman's rule' has not been applied in California to negligence other than that which started the fire. The court in *Scott* carefully pointed out the limitations to application of the rule when it said: 'We need not and do not deal with situations involving intentional or willful or wanton misconduct, *nor situations in which there is some hidden danger known to the defendant but not to the fireman,* nor situations in which the fireman is injured as a result of some risk beyond those inevitably involved in firefighting. Neither do we deal with those situations in which the defendant's negligence occurred after the fireman arrived on the scene and materially enhanced the risk of harm or created a new risk of harm. None of those situations are presented by the case at bench.' (Italics added.) (*Scott* v. *E. L. Yeager Constr. Co., supra,* 12 Cal.App.3d at p. 1199.) The court in *Giorgi, supra,* applied the 'fireman's rule' only to a fireman involved in fighting a fire, and the cause of action was instituted against a party whose passive negligence caused that fire." (Italics added.) (*Id.,* at pp. 978-979; cf. *Holden* v. *Chunestudey* (1980) 101 Cal.App.3d 959 [161 Cal.Rptr. 925].)

We are persuaded a like result is required here. Respondent's negligence, if such there were, in no wise created the risk which was the cause of appellant's presence on the property nor could it have provided,

within the ambit of the fireman's rule, any occasion for appellant's engagement at the time, which was instead a result of wholly independent factors not involving respondent. Accordingly, while it may yet be the case that liability will not be established in any event (see *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]), its absence will not depend upon the fireman's rule, but rather upon those considerations which generally govern the relationship between possessors of real property and those who are injured on it.

The order dismissing appellant's complaint is reversed.

Fleming, J., and Compton, J., concurred.