[Civ. No. 56971. Second Dist., Div. Two. Jan. 27, 1981.]

ROBERT WILLIAM RIES, Plaintiff and Appellant, v.
DAVID LEE et al., Defendants and Respondents.

COUNSEL

Larry J. Burge and James E. Sutherland for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs, Michael J. Logan, Beam, Di Caro & D'Antony and Byron J. Beam for Defendants and Respondents.

OPINION

ROTH, P. J.—Respondent David Lee was the owner of a 1959 MG automobile which on December 6, 1976, he loaned to his brother, respondent Andrew Dalton Lee. On that date appellant was employed and on duty as a uniformed police officer for the City of Palos Verdes Estates,[1] working the 4 p.m. to midnight shift in his marked patrol car.

When he observed the MG with a white tail light showing, in violation of the Vehicle Code, he activated the red lights and spotlight on his car. Instead of stopping, however, Andrew sped away. Appellant, with his siren also on, pursued the vehicle at speeds reaching 90 miles per hour.

---

[1]Appellant had been so employed since 1971.

At one point in the chase Andrew slowed to enable the passenger riding with him to exit the car. Thereafter, again at high speed, he drove the MG from the northbound lanes of Palos Verdes Drive West down a 10-foot embankment, so as to enter in reverse fashion the southbound lanes of that thoroughfare. Appellant followed and was injured as he negotiated the traverse. The pursuit ended shortly after when appellant rammed the MG with his patrol car.

A one-count complaint filed subsequently by appellant alleged respondents "negligently, carelessly and unlawfully entrusted, managed, owned, maintained, drove and operated their said motor vehicle" so as proximately to cause him injury. Respondents' motions for summary judgment, relying upon the "fireman's rule" as enunciated in *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609], were granted. This appeal followed.

■ In *Walters*, our Supreme Court observed that: "The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire. Firemen, 'whose occupation by its very nature exposes them to particular risks of harm, "'cannot complain of negligence in the creation of the very occasion for [their] engagement.'"' (*Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 369 [99 Cal.Rptr. 29, 491 P.2d 821].) While denominated the fireman's rule, the rule is applicable to policemen as well. (*Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 357 [72 Cal.Rptr. 119].)

"[It] . . . is based on a principle as fundamental to our law today as it was centuries ago. . . . applicable to our entire system of justice—one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby. . . .

"The principle denying recovery to those voluntarily undertaking the hazard causing injury is fundamental in a number of doctrines, including nullification of the duty of care, satisfaction of the duty to warn because the hazard is known, contributory negligence, and assumption of risk, as well as in the fireman's rule. (See Prosser, Torts (4th ed. 1971) p. 439 et seq.; *Chesapeake and Ohio Railway Company* v. *Crouch, supra,* 159 S.E.2d 650, 653.) It is unnecessary to attempt to separate the legal theories or to catalog their limitations. The rule finds its clearest application in situations like that before us—a person who,

fully aware of the hazard created by the defendant's negligence, voluntarily confronts the risk for compensation.

"A second reason underlying the fireman's rule does not have a significant historical background, but rather is a modern one of public policy, adopted by progressive courts and based on fundamental concepts of justice. As succinctly stated in *Solgaard* v. *Guy F. Atkinson Co., supra,* 6 Cal.3d 361, 369, firemen "'cannot complain of negligence in the creation of the very occasion for [their] engagement.'" (*Giorgi* v. *Pacific Gas & Electric Co.*, 266 Cal.App.2d 355 . . . .)'" (Fns. omitted.) (*Id.,* at pp. 202, 204-205.)

The fundamental basis providing support to the latter policy derives from the notion that "Firemen and policemen are paid for the work they perform including preparation for facing the hazards of their professions and dealing with perils when they arise." (*Walters* v. *Sloan, supra,* 20 Cal.3d 199, 205.)

It had been questioned, however, whether the holding in *Walters* extended beyond instances of negligence to encompass as well cases where the conduct occasioning a police officer's involvement was willful or wanton.

In the present matter it was deemed admitted David was not the passenger in the MG, such that his involvement consisted at most of negligently entrusting his auto to Andrew. That being so, *Walters,* even if confined entirely to its own facts, required the result reached by the trial court.

Respecting Andrew, the complaint alleged only that his conduct was negligent. Assuming, however, that fact were otherwise, or that the defect could have been cured, the recent decision in *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156], on facts indistinguishable from those present here, makes clear that the same policy which relieves David from individual accountability operates to immunize his brother.

Accordingly, the summary judgments appealed from are affirmed.

Fleming, J., and Compton, J., concurred.