[Civ. No. 61783. Second Dist., Div. Two. Feb. 3, 1982.]

NORMAN SPARGUR, Plaintiff and Appellant, v.
KURT ARTHUR PARK, Defendant and Respondent;
STATE COMPENSATION INSURANCE FUND, Intervener and
Respondent.

**COUNSEL**

Edward I. Grant for Plaintiff and Appellant.

William T. Anderson for Defendant and Respondent.

Richard A. Krimen, George S. Bjornsen, Paul Klein and Jeffrey A. Rosen for Intervener and Respondent.

## OPINION

### BEACH, J.—

#### NATURE OF APPEAL:

██ Appeal by injured motorcycle officer from summary judgment in favor of defendant based on defense of fireman's rule. We reverse.

#### FACTS:

Appellant motorcycle officer while on duty stopped respondent for speeding. Appellant stopped in front of respondent's car. Respondent's car did not come to a full stop, but instead continued on until it struck appellant's motorcycle injuring him.

#### OUR DECISION:

The fireman's rule does not automatically bar recovery in such cases; there may be conditions under which a police officer may nonetheless recover against such tortfeasor even if the injury occurs in the course of the police officer's employment.

#### DISCUSSION:

The fireman's rule has recently been reviewed and its application to police officers reaffirmed. (*Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156].) ██ "'The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire.' (*Walters* v. *Sloan, supra*, at p. 202.) The rule, which has been held equally applicable to policemen injured in the course of their duties, is based on the principle that it is the business of a fireman or policeman to deal with particular hazards, and that accordingly 'he cannot complain of negligence in the creation of the very occasion for his engagement.'" (*Id.* at p. 484.)

In the cases where the rule has been applied to bar recovery, the act of the defendant upon which the plaintiff's claim rested was an act which created the particular risk inherent in the employment. In such cases, however, the act was not the actual physical, direct and proximate cause of the injury to the plaintiff. In other words, the act of the defendant created the original danger or brought the police officer to

the scene but there was not in addition thereto a separate, independent act by the same tortfeasor whereby the officer was injured. Thus the question remains: "May the officer recover for such separate and independent act of the same single tortfeasor?" The court in *Hubbard* v. *Boelt, supra*, recognizes the officer may so recover. The language is instructive. "Finally, plaintiff contends that the fireman's rule should not apply to the present case, because his injuries were not caused by defendant's original act of speeding, but by his subsequent act of accelerating to avoid capture, thus resisting arrest at high speeds. Plaintiff asserts that the fireman's rule was not intended to bar recovery for independent acts of misconduct which were not the cause of the plaintiff's presence at the accident scene. [Citation.] We have confirmed the validity of this principle in the abstract. As stated in *Walters, supra*, 'Thus a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking.' [Citation.] In the present case, however, no such independent act occurred. Plaintiff was injured while pursuing a speeding traffic violator, and in discharge of his official duty incurred the very risk which occasioned his presence at the accident scene." (*Hubbard* v. *Boelt, supra*, 28 Cal.3d 480, 486-487.)

The distinction between the original act of speeding and a subsequent act of negligence is important. In the cases applying the fireman's rule the accepted facts allowed no possibility of an independent tortious act by the defendant who created the original hazard. For example, in *Hubbard, supra*, the officer was still chasing the speedster. *Hubbard* simply continued the fireman's rule of *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609], and held that the rule applied also to the case of a wantonly reckless defendant as well as to a merely negligent driver.

So, too, in *Ries* v. *Lee* (1981) 115 Cal.App.3d 332 [171 Cal.Rptr. 296], the rule was applied to deny recovery where the officer was hurt during the chase. Similarly, in *Holden* v. *Chunestudey* (1980) 101 Cal. App.3d 959 [161 Cal.Rptr. 925], the police officer was denied recovery when he sustained injury from a fall near the scene of an automobile accident which he was investigating. The automobile accident occurred earlier as the result of a wilful and wanton act by the defendant who was driving while intoxicated. The court there said "[f]or purposes of this appeal, we assume that the defendant's conduct was willful or wanton [citation] and that the conduct was the proximate cause of

plaintiff's injuries." (*Id.* at p. 961.) But the court was not there confronted with the issue present here—the presence or absence of a separate, independent act. In *Holden* the defendant had no physical contact whatever with the injured plaintiff nor was there any subsequent or independent act by defendant resulting in injury to plaintiff. Thus, the assumption and the holding of *Holden* has to be limited as referring to the creation of the circumstance which brought the officer to the scene.

At bench respondent concedes that the speeding had ended; appellant was not then chasing but had in fact parked his motorcycle and respondent thereafter failed to stop. Under these circumstances it becomes a question of fact whether the officer was struck because of some continuation of the violation which brought him to the scene, i.e., speeding or because of some separate, independent act.[1]

We are considering here the grant of a summary judgment. We encourage the use of the summary judgment to eliminate useless litigation. On the other hand, use of the summary judgment procedure depends upon the presence of a sufficiently complete set of facts and no uncertainty in the facts material and critical to a decision. At bench, the facts upon which respondent relied were gathered primarily from appellant's answers to interrogatories. The answers, however, added nothing significant to the physical facts recited earlier in this opinion other than to admit that the officer was injured in the course of his employment. But such admission added nothing to the critical facts and left unresolved the question whether or not there was a further, separate or independent act of the defendant. The judgment thus appears to have been based on the premise that as a matter of law merely being "on duty" when injured bars a police officer from bringing an action therefor because of the fireman's rule. The decision is too broad. There remains an unresolved factual question. It is: Why did the car continue on after it had pulled off the freeway lane and was not speeding? The pleadings and answers to interrogatories on which respondent relied do not clearly state or show how plaintiff was hurt or that plaintiff was hurt solely by a particular act or conduct to which he voluntarily exposed himself as a risk inherent in his duty.

---

[1]Under tort principles of negligent act and foreseeability there is no reason why the independent act may not have all or part of its genesis in, after or before the conduct which brings the officer to the scene.

A fuller presentation of all the facts to the trial court, either at trial or upon renewed motion for summary judgment by respondent, may disclose that there truly is but one inseparable transaction or event. But the question of whether the fireman's rule applies or not cannot be resolved solely on the basis that injury occurred in the line of duty, i.e., scope of employment. Even if injury occurs in such employment while investigating a traffic offense, such circumstance does not make the injuring act or event an inseparable part of a single transaction. The inquiry which appears to us as the better one in a determining a motion for summary judgment in such cases is whether the undisputed facts affirmatively foreclose the presence of an independent act.

At bench the record at present does not so foreclose the presence of the independent act or circumstance. Rather, the instant matter now presents a concrete case in which to determine if there are independent acts to which to apply the exception to the fireman's rule which has been approved "in the abstract." (*Hubbard* v. *Boelt, supra*, 28 Cal.3d 480, 486.)

On the state of the present record, the respondent at bench occupies two physical as well as two legal positions relative to the injured appellant. Initially respondent created the risk or activity which like the other defendants in *Hubbard* v. *Boelt, supra*, 28 Cal.3d 480; *Walters* v. *Sloan, supra*, 20 Cal.3d 199; *Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355 [72 Cal.Rptr. 119]; *Ries* v. *Lee, supra*, 115 Cal. App.3d 332, created no cause of action for the appellant because facing that risk is inherent in appellant's work. On the other hand, in addition and separately, respondent is also an active tortfeasor whose additional and further physical conduct actually directly, physically injured appellant. In this second role, the further act of respondent is like the act of a third person who, for example, comes upon the scene where the police officer may be investigating and physically strikes him with a car or a bullet. We recognized in *Schrimscher* v. *Bryson* (1976) 58 Cal.App.3d 660 [130 Cal.Rptr. 125], that the defendant, an intoxicated driver who caused the accident being investigated, was not liable for the injury to the officer which occurred when a third person drove into the scene and injured the officer. But that decision certainly did not absolve the third party driver of liability to the officer.

The liability of the third person who does not create the original hazard or who does not cause the officer to be present or called to the scene but whose independent tort act injures has not been judicially

eliminated by the fireman's rule. To the contrary, the third person has in fact been held to still be liable. Thus in *Kocan* v. *Garino* (1980) 107 Cal.App.3d 291, 295-296 [165 Cal.Rptr. 712], the court held the fireman's rule did not immunize the third party landowner from liability. There, the police officer was injured while chasing a fleeing felon when the officer jumped over the owner's fence and it gave way. Similarly in *Bartholomew* v. *Klingler Co.* (1975) 53 Cal.App.3d 975 [126 Cal.Rptr. 191], the owner was held liable for the injuries suffered by the police officer when he fell to the roof of the building while investigating the possibility of a burglary or break-in at the premises. In short, the mere fact that he is on duty or in the scope of his employment when injured does not alone bar the policeman from recovery. One of the situations where such recovery against a tortfeasor is not barred is where the injury is caused by a separate, independent act of either a third person or of the person creating the original circumstance to which the police officer is called.

To use the language of *Bartholomew* v. *Klingler Co., supra*, 53 Cal. App.3d 975, we deal here with a situation "in which the defendant's negligence occurred after the [officer] arrived on the scene and materially enhanced the risk of harm or created a new risk of harm." (*Id.* at p. 979.)

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

Compton, J., concurred.

**ROTH, P. J.**—I dissent.

Accepting the facts tersely stated by appellant in his opening brief: "Appellant observed respondents [*sic*] vehicle and commenced pacing it to determine a possible speeding violation. Appellant then activated his emergency equipment, causing respondent to follow the appellant to the parking area near the center divider.

Appellant then stopped his vehicle some thirty (30) feet in front of respondent. Respondent kept coming, struck appellant and pushed him into the center divider.

"Respondent stated that in order to stop he had to pump his brakes and that his back right brake cylinder had been leaking. Examination of

respondents [*sic*] vehicle by the investigating police officer resulted, among other things in a finding that, 'Brake pedal went clear to floor three (3) times before any pressure was developed ....'"

On those facts summary judgment was properly granted. In pertinent part, the trial judge said: "I don't see how you can separate this whole little sequence of events, which probably didn't take more than three total minutes, you know—the man pulled somebody over for speeding, gets out of his car, and starts to the car. What he is doing in between those two cars is more than I know, but he apparently was there."

I am, as was the trial judge, unable meaningfully to distinguish the situation at bench from that dealt with in *Hubbard*, where a contrary result to that arrived at by my colleagues was reached.

On the facts, even the dissent in *Hubbard* [28 Cal.3d 480] would appear to require affirmance. At page 488 of that case, Tobriner, J. said: "If the police officer in the present case had suffered injury in the normal course of stopping the defendant for negligent speeding, I would agree that this action would fall under the traditional fireman's rule because in that event the defendant's negligence would have caused the officer's injury only in the sense that it 'created the occasion' for the officer's presence at the location of the accident. In the case at bar, however, after the defendant became aware of the police officer's presence on the scene, the defendant committed *an additional and subsequent act of misconduct* which foreseeably created a new and additional risk of danger to the officer and which ultimately caused the officer's serious injuries."

As noted above, appellant's claim here was that his injury was related to respondent's defective brakes rather than his speeding, but even if a distinction is properly otherwise to be drawn between the two, in no event would the former constitute a *subsequent* act of misconduct within the quoted language.

Accordingly, I would affirm the judgment.

A petition for a rehearing was denied February 18, 1982. Roth, P. J., was of the opinion that the petition should be granted. The petition of defendant and respondent for a hearing by the Supreme Court was denied April 1, 1982. Mosk, J., was of the opinion that the petition should be granted.