[No. A023648. First Dist., Div. Three. Sept. 24, 1985.]

JACQUE TERHELL, Plaintiff and Appellant, v.
AMERICAN COMMONWEALTH ASSOCIATES et al.,
Defendants and Respondents.

COUNSEL

Thomas M. Carnes, Carnes & Aune and B. E. Bergesen III for Plaintiff and Appellant.

Michael J. Brady, Gail Y. Norton and Ropers, Majeski, Kohn, Bentley, Wagner & Kane for Defendants and Respondents.

## OPINION

**BARRY-DEAL, J.**—Plaintiff Jacque Terhell appeals from a judgment of dismissal entered after the trial court sustained defendants' demurrer to his second complaint without leave to amend. The issue before us is whether it appeared on the face of appellant's complaint that his action was barred by the "firefighter's rule."[1] We conclude that it did not; accordingly, we reverse.

### PROCEDURAL HISTORY

Appellant filed a complaint for damages in Alameda County Superior Court on September 27, 1982, naming as defendants American Commonwealth Associates, a limited partnership, Partap Kapoor, a general partner therein, and Does. Respondents demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Specifically, they asserted that appellant's action was barred by the firefighter's rule.

The trial court sustained respondents' demurrer with leave to amend, but ultimately sustained a demurrer to a second amended complaint without leave to amend, stating only that the pleading "shows on its face that the action is barred by the 'Fire[fighter]'s Rule'." Judgment of dismissal was entered, and this timely appeal followed.

### THE FACTS

Appellant's second amended complaint, filed April 7, 1983, alleged the following.

Respondent American Commonwealth Associates is a limited partnership, and respondent Partap Kapoor is a general partner. Respondents "constructed, owned, operated, maintained and controlled" a certain building in Berkeley which had a flat roof accessible from within the building. Respondents "negligently constructed, owned, operated, maintained and controlled said roof so as to create and permit an unguarded and concealed opening in the roof which was hazardous to anyone on the roof . . . ." They "knew of the opening and its hazard, but failed to warn [appellant] or anyone else of its presence."

Respondents were in violation of the Uniform Building Code of the City of Berkeley, which required guardrails around certain openings in roofs.

---

[1]The legal doctrine under consideration is referred to in the leading decisions as the "fireman's" rule. In keeping with modern usage, we use the term "firefighter's" rule.

". . . [A]s a proximate result thereof [appellant] fell through an unguarded opening in the roof of the aforesaid building causing injuries and damages . . . ."

On about November 17, 1981, appellant, "while engaged in the course and scope of his employment as a fire[fighter], was on the roof of said building . . . unaware of the concealed opening and fell through it, causing him serious injuries and damages . . . ."

The complaint went on to specify certain injuries and expenses proximately resulting from the alleged negligence.

## DISCUSSION

### Standard of Review

"On appeal, the plaintiff bears the burden of demonstrating either that a demurrer was sustained erroneously or that sustaining a demurrer without leave to amend was an abuse of discretion. [Citation.] A trial court's ruling sustaining a demurrer is deemed erroneous where a plaintiff has stated a cause of action under any possible legal theory. [Citations.] In assessing the sufficiency of a demurrer, all material facts pleaded in the complaint and those which arise by reasonable implication are deemed true. [Citations.]" (*Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931, 939-940 [175 Cal.Rptr. 81].)

### The Firefighter's Rule

The rule and its rationale have been stated in a number of ways, which may be accurately summarized as follows: A firefighter who is injured fighting a fire is barred from bringing a tort action against a person for causing the fire. (E.g., *Walters* v. *Sloan* (1977) 20 Cal.3d 199, 202 [142 Cal.Rptr. 152, 571 P.2d 609].) This rule, now extended to police officers, is based upon "(1) the traditional principle that 'one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby [assumption of risk],' [citation], and (2) a public policy to preclude tort recovery by fire[fighters] or police . . . [officers] who are presumably adequately compensated (in special salary, retirement, and disability benefits) for undertaking their hazardous work [citation]." (*Hubbard* v. *Boelt* (1980) 28 Cal.3d 480, 484 [169 Cal.Rptr. 706, 620 P.2d 156]; see generally Comment, *The Fire[fighter]'s Rule: Defining Its Scope using the Cost-Spreading Rationale* (1983) 71 Cal.L.Rev. 218 [hereafter *Comment*].)

Use of the rule to bar causes of action has been strictly limited. It "was not intended to bar recovery for independent acts of misconduct which

were not the cause of the plaintiff's presence at the . . . scene. (See, e.g., *Kocan* v. *Garino* (1980) 107 Cal.App.3d 291, 295-296 . . . .)" (*Hubbard* v. *Boelt, supra,* 28 Cal.3d at p. 486.) The rule "has not been applied in California to negligence other than that which started the fire." (*Bartholomew* v. *Klingler Co.* (1975) 53 Cal.App.3d 975, 979 [126 Cal.Rptr. 191].) ▉ "Thus, for example, although a landowner incurs no liability simply for negligently starting a fire, such a defendant has generally been held liable if, after a fire[fighter] arrives, the owner negligently fails to advise the fire[fighter] of some special danger on the property which ultimately causes the officer's injury. [Citations.]" (*Hubbard* v. *Boelt, supra,* 28 Cal.3d at pp. 487, 488 (dis. opn. of Tobriner, J.).)

## Decisions Applying the Rule

In *Walters* v. *Sloan, supra,* 20 Cal.3d 199, defendants permitted their 16-year-old daughter to host a party where she provided alcohol and drugs to minors. When disorder developed, plaintiff police officer responded to the scene, where he was injured while attempting to arrest one of the guests. (*Id.,* at pp. 201-202.) The court stated, "It is unnecessary to attempt to separate the legal theories [of the firefighter's rule] or to catalog their limitations. The rule finds its clearest application in situations like that before us—a person who, fully aware of the hazard created by the defendant's negligence, voluntarily confronts the risk for compensation." (*Id.,* at p. 204.) The fact that defendants' negligence constituted a statutory violation did not change this result, since the negligence of serving alcohol to minors was the same negligence which occasioned the summoning of the officer. (*Id.,* at pp. 206-207.) The court affirmed a judgment of dismissal after sustaining of a demurrer without leave to amend. (*Id.,* at pp. 201, 207.)

Similarly, the court affirmed dismissal after granting defendant's motion for summary judgment in *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, where plaintiff police officer was injured during a high speed chase of defendant, who was a reckless traffic offender.

## Decisions Refusing to Apply the Rule

*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362 [182 Cal.Rptr. 629, 644 P.2d 822], our Supreme Court's most recent decision on the firefighter's rule, provides an extreme example of facts outside the rule. There plaintiff firefighter alleged that he responded to a chemical boilover at defendants' plant. When he arrived, defendants informed him that the boilover did not involve toxic chemicals or materials and that there would be no danger in attempting to contain it. These were intentional or negligent misrepresen-

tations; the boilover did involve toxic substances, and plaintiff was injured from exposure to them. (*Id.*, at p. 365.) The court upheld the trial court's denial of defendants' motion for summary judgment. (*Id.*, at pp. 366, 379.)

■ The essence of the ruling was a reaffirmation of these basic principles: ". . . [T]he fire[fighter]'s rule only bars a firefighter from recovering for injuries resulting from a person's negligence or recklessness in causing the fire or other emergency which is the reason for the fire[fighter]'s presence." (*Id.*, at p. 366.) It does "'. . . not deal with . . . situations in which there is some hidden danger known to the defendant but not to the fire[fighter], nor situations in which the fire[fighter] is injured as a result of some risk beyond those inevitably involved in firefighting. Neither [does it] deal with those situations in which the defendant's negligence occurred after the fire[fighter] arrived on the scene and materially enhanced the risk of harm or created a new risk of harm. . . .'" (*Id.*, at p. 367, quoting *Scott v. E. L. Yeager Constr. Co.* (1970) 12 Cal.App.3d 1190 [91 Cal.Rptr. 232] [firefighter responded to ruptured gas main, gas ignited, recovery for injury based on defendant's negligence in rupturing gas main reversed].)

■ The *Lipson* court further defined the limits of the rule: "It is . . . unmistakably clear that in California, the fire[fighter]'s rule has never been construed as shielding a defendant from liability for acts of misconduct which are independent from those which necessitated the summoning of the fire[fighter]. (*Kocan* v. *Garino* (1980) 107 Cal.App.3d 291 . . .; *Bartholomew* v. *Klingler Co.* (1975) 53 Cal.App.3d 975, 979 . . . .) The rule has *only* been applied to prohibit a fire[fighter] from recovering for injuries caused by the very misconduct which created the risk which necessitated his [or her] presence.⁴" In its footnote 4 at this point, the court stated, in part: "A review of the California court decisions which have applied the fire[fighter]'s rule finds no exceptions to this statement. . . ." (*Lipson* v. *Superior Court, supra,* 31 Cal.3d at p. 369, fn. 4 and accompanying text, original italics.)

Of particular relevance to the case at bench is the *Lipson* court's statement, "The type of deception most frequently confronted by the courts has been the failure of a landowner or occupier to warn a fire[fighter] of a known, hidden danger on the premises. Virtually all jurisdictions that have considered this factual situation have allowed recovery where the failure to warn ultimately resulted in an injury to the firefighter. [Citations.]" (*Id.*, at p. 371.)

Two Court of Appeal decisions cited by *Lipson* with approval further illustrate the point. In *Bartholomew* v. *Klingler Co., supra,* 53 Cal.App.3d 975, the court reversed a judgment dismissing plaintiff deputy sheriff's ac-

tion for damages which occurred when he responded to a silent burglar alarm and, while searching the premises, fell through a defective ceiling. The complaint alleged that the plaintiff "entered upon defendant's property in the line of his official duty, that a known concealed defect existed on the premises, and that defendant failed to warn him of the danger despite the opportunity to do so." (*Id.*, at p. 979.) The court held that the firefighter's rule did not bar liability on these facts and that the question of reasonableness of defendant's conduct should be determined by the trier of fact. (*Id.*, at p. 981.)

In *Kocan* v. *Garino* (1980) 107 Cal.App.3d 291 [165 Cal.Rptr. 712], plaintiff police officer alleged that while he was in hot pursuit of a felony suspect he entered defendant's backyard and was injured when he continued the pursuit over a fence which gave way due to its dilapidated and unsafe condition. (*Id.*, at p. 292.) The court held that defendant's "negligence, if such there were, in no wise created the risk which was the cause of appellant's presence on the property nor could it have provided, within the ambit of the fire[fighter]'s rule, any occasion for [plaintiff's] engagement at the time, which was instead a result of wholly independent factors not involving [defendant]." (*Id.*, at pp. 295-296; see also *Rose* v. *City of Los Angeles* (1984) 159 Cal.App.3d 883 [206 Cal.Rptr. 49] [reversing summary judgment for defendant who allegedly shot fellow officer on street in front of narcotics suspect's apartment].)

### Application of the Firefighter's Rule to This Case

The above cases illustrate the present state of the California case law on the firefighter's rule. When the principles developed there are applied to the case at bench, we must conclude that the trial court should not have denied appellant his day in court. Having an unguarded hole in the roof was not the cause of appellant's presence at the scene, and the firefighter's rule has never been applied to negligence which did not cause the fire. (*Hubbard* v. *Boelt, supra*, 28 Cal.3d at p. 486; *Bartholomew* v. *Klingler Co., supra*, 53 Cal.App.3d at p. 979.) Furthermore, application of the rule has been consistently denied where plaintiffs have alleged negligent failure to warn of a hidden known danger, as does appellant herein.

It must be emphasized, as has been done in many of the cases, that our decision does not establish liability; it merely permits plaintiff to place his case before the trier of fact. "Accordingly, while it may yet be the case that liability will not be established in any event (see *Rowland* v. *Christian* (1968) 69 Cal.2d 108 . . .), its absence will not depend upon the fire[fighter]'s rule, but rather upon those considerations which generally govern the relationship between possessors of real property and those who

are injured on it." (*Kocan* v. *Garino, supra,* 107 Cal.App.3d at p. 296; for discussion of *Rowland* v. *Christian* as it relates to the firefighter's rule, see *Bartholomew* v. *Klingler Co., supra,* 53 Cal.App.3d at p. 980, fn. 2 and accompanying text; *Walters* v. *Sloan, supra,* 20 Cal.3d at pp. 204; 207, 211, 216, fn. 5 (dis. opn. of Tobriner, Acting C. J.); *Comment, supra,* 71 Cal.L.Rev. at p. 220.)

In light of our holding that the firefighter's rule as developed by the courts of this state does not bar appellant's cause of action, we need not reach the question of retroactivity *vel non* of legislation which very strictly limits application of the rule. (Civ. Code, § 1714.9, added by Stats. 1982, ch. 258, § 1, p. 836.) We note that under the statute appellant's cause of action is not barred.[2]

The judgment is reversed.

Scott, Acting P. J., and Merrill, J., concurred.

---

[2] Civil Code section 1714.9 provides in relevant part: "(a) Notwithstanding statutory or decisional law to the contrary, any person is responsible not only for the results of that person's willful acts causing injury to a . . . firefighter, . . . but also for any injury occasioned to that person by the want of ordinary care or skill in the management of the person's property or person, in any of the following situations:

"(1) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the . . . firefighter . . . .

"(2) Where the conduct causing the injury occurs after the person knows or should have known of the presence of the . . . firefighter, . . . violates a statute, ordinance, or regulation, and was the proximate cause of an injury which the statute, ordinance, or regulation was designed to prevent, and the statute, ordinance, or regulation was designed to protect the . . . firefighter . . . .

" . . . . . . . . . . . . . . . . . . . . . .

"(3) Where the conduct causing the injury was intended to injure the . . . firefighter . . . .

" . . . . . . . . . . . . . . . . . . . . . .

"(b) This section does not preclude the reduction of an award of damages because of the comparative fault of the . . . firefighter in causing the injury.

"(c) The employer of a firefighter, . . . may be subrogated to the rights granted by this section to the extent of the worker's compensation benefits, and other liabilities of the employer, including all salary, wage, pension, or other emolument paid to the employee or the employee's dependents.

"(d) The liability imposed by this section shall not apply to an employer of a . . . firefighter . . . ."