TERRY v. HUSBANDS.

1. EVIDENCE — TRANSACTIONS WITH DECEDENT — LOST PAPERS.—
   Where the existence of a receipt executed by a decedent and its
   contents are proved by party thereto without objection, upon objec-
   tion afterwards made, the matter for which the receipt was given may
   be excluded, under section 400 of Code.

2. APPEAL—SUPREME COURT.—This Court will only consider such objections to testimony as are urged before the trial Judge and embraced in exceptions.

3. FINDINGS OF FACT affirmed.

Before TOWNSEND, J., Darlington, November, 1897. Affirmed.

Foreclosure by Sarah A. Terry, as administratrix of J. W. Terry, *v.* W. H. Husbands. Judgment for defendant, plaintiff appeals.

*Messrs. Spain & Thompson,* for appellant, cite: *Receipt should not have been admitted:* 11 S. C., 549; 2 Speer, 600; 35 S. C., 206; 41 S. C., 125; 6 S. C., 76; 27 S. C., 366; 51 S. C., 499. *Possession of papers is primá facie evidence of ownership and presumption of non-payment:* 18 S. C., 594; 17 S. C., 485.

*Messrs. Boyd & Brown,* contra, cite: *Incompetent testimony given without objection becomes competent:* 3 S. C., 457. *Rule as to proof of paper:* 2 Speer, 714; 42 S. C., 446. *Sec. 400 does not cover proof of signature to receipt:* 11 S. C., 549; 27 S. C., 366; 33 S. C., 303; 35 S. C., 213; 30 S. C., 288; 41 S. C., 130.

July 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a suit to foreclose a mortgage of real estate given by defendant, Husbands, to plaintiff's intestate, J. W. Terry, and the contention below and here is as to the proof and validity of a lost receipt set up by the defendant for more than sufficient to satisfy the mortgage debt.

Appellant excepts, that the Circuit Court erred in sustaining the master in overruling the objection to the testimony of the defendant, Husbands, as to the contents of the receipt in question without proof of its legal existence. In reference to this point, the record shows the following (Husbands testifying): "I had in my possession a paper signed

by J. W. Terry; I got it the 8th of December, 1892; I was at my house when I got it; John W. Terry was present at the time I got it. (Plaintiff objects to the proof of the contents of receipt, without proof of its legal existence. Overruled, because the legal existence is proved by this witness.) He wrote it, and his name was signed to it; I saw him sign it. I gave that paper to you (Mr. Boyd) with my other papers; that was after this suit was commenced; you told me it got burned; it was a receipt; it stated that this amount (I do not remember the amount) should be credited on the mortgage then in the clerk's office; he gave it against an account I had against him; that account was for various things—blacksmith work, seed oats, and the sale of a piece of land for $50. At the date of this mortgage, we (Mr. Terry and I) were coming to Darlington together, and we agreed upon the bond and mortgage, and Albert Parrott drew it up. It represented the purchase money of my home. At that time Terry was owing me. (Objection was made at this point, under sec. 400 of the Code, as to all testimony preceding concerning the manner of making up the account against which the receipt was given, and the objection sustained, and all such testimony considered stricken out.)" We find no error in the ruling objected to. The witness, Husbands, testified as to the legal existence of the paper before testifying as to its contents. It will be noted that no objection was made to the witness testifying as to the contents of the paper under section 400 of the Code, so as to make applicable the ruling in *Stanbridge* v. *Powell,* 11 S. C., 549, and *Boozer* v. *Teague,* 27 S. C., 366. As appears by the record above, when objection was made under sec. 400 of the Code, the objection was not to the proof of the execution or contents of the receipt, but related to the testimony "*concerning the manner of making up the account against which the receipt was given,*" and this objection was sustained. When testimony is offered which is deemed objectionable, it is the duty of the objector to state to the trial court the grounds of objection. On appeal from the ruling of the trial

court thereon, this Court will not consider objections to testimony not presented or ruled upon. Nor will this Court consider grounds of objection to testimony not properly within the exceptions. Hence we make no ruling on the question whether it was competent, under section 400, for Husbands to testify in the manner above as to the execution and contents of said receipt. We rule merely that, having been allowed to testify as to the legal existence of the receipt without objection, his testimony as to the contents of the lost receipt could not be excluded, on the ground that there was no proof of the legal existence of the paper.

The other exceptions relate to questions of fact, which will be noticed briefly. It is excepted that the Circuit Court erred in sustaining the conclusion of the master that the general reputation of the defendant, Husbands, for veracity was good. The master found that Husbands had fully and completely sustained himself against the attack on his reputation. The Circuit Court concurred in this, and appellant has not satisfied this Court that there was any error.

It is excepted that there was error in holding that the mortgage debt was paid, and that the defendant held a receipt for the same. Husbands, whose reputation for veracity has been sustained, testified positively as to his having received from Terry the receipt, and as to having delivered it to his attorneys, Messrs. Boyd & Brown, when he retained them to defend this suit. Mr. R. W. Boyd testified as to the delivery by Husbands to him of a receipt purporting to be signed by John W. Terry, or J. W. Terry, dated December 8, 1892, its destruction by fire at the time his office was burned, and its contents. Without going into a discussion of the evidence, and of the circumstances relied on by the master which induced him to find against the validity of the receipt, we agree with the Circuit Court as to the genuineness of the receipt.

The judgment of the Circuit Court is, therefore, affirmed.