15585

TAYLOR v. PALMETTO THEATER COMPANY
(28 S. E. (2d), 538)

2

June, 1943.

4

6

*Messrs. Cooper & Cooper,* and *Mr. E. W. Mullins,* all of Columbia, S. C., Counsel for Appellant,

8

*Mr. Roger M. Heyward, Mr. C. T. Graydon,* and *Mr. F. Ehrlich Thompson,* all of Columbia, S. C., Counsel for Respondent,

December 16, 1943.

The Unanimous Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

In the light of the petition for a rehearing herein, the opinion heretofore filed is withdrawn from the files of the Court, and the opinion following is substituted therefor.

The complaint in this action will be reported, showing the stricken portions thereof in italics, as shown in the Transcript of Record.

The exceptions do not require that we now pass upon whether the order appealed from correctly sets forth the duty owed by the respondent to the appellant if the appellant entered upon its premises solely by reason of his legal right so to do in the discharge of his duties as a fireman, since the complaint goes further than this, as will be seen by reference to Paragraph seven (7) thereof, and alleges that "the public generally had used * * * the said passageway

above mentioned and the paved area, walkway or driveway hereinafter mentioned, with the knowledge, acquiescence and consent of the defendant," and that the respondent (defendant) thereby expected and invited the appellant (plaintiff) and other firemen to enter upon said premises whenever necessary in the performance of their official duties.

The respondent moved to strike from the complaint all of the italicized portions thereof upon the ground that such allegations are irrelevant, sham and frivolous, and state no cause of action, or part of a cause of action. The order appealed from granted the motion.

Upon a careful analysis of the complaint, and liberally construing the same in favor of the pleader, as we must do, it alleges an invitation extended to the general public to use this passageway or walkway, and that relying on this invitation and the fact that such use was made thereof by the general public with the at least implied acquiescence of the respondent, the appellant entered thereupon while in the performance of his duties as a fireman, and suffered the injuries of which he complains. In other words, that the appellant entered upon the walkway or passageway as a member of the general public, although in the discharge of his duties as a fireman, and was therefore an invitee or licensee

In the circumstances alleged in the complaint, the fact that the appellant was a fireman, and in the discharge of his duties as such, should not limit his cause of action to the right or permission to enter the premises of respondent extended by the law. Of course, upon a trial of the case the appellant will have to establish by competent testimony that the general public (as the complaint alleges), "used the alley in the rear of the defendant's premises, as well as the said passageway above mentioned, and the paved area * * * with the knowledge, acquiescence and consent of the defendant * * *" at the place where the appellant alleges he was injured; otherwise any cause of ac-

tion the appellant may have against the respondent for his injuries will be governed by the law applicable to a fireman or other municipal employee who goes upon privately owned premises in the discharge of his duty.

What we have said above disposes of all of the stricken portions of the complaint except the allegation in Sub-div. (a) of Paragraph 13, and reading: "and further constructed and maintained said pit in violation of the Ordinances of the City of Columbia."

It is not necessary that the ordinance of a city of this State be pleaded *in haec verba,* although proof of such city ordinance must be made in order for it to be considered. If there is an ordinance of the City of Columbia which is apposite, and it was intended for the protection of one entering the premises of respondent under the circumstances the appellant entered thereon, then the appellant should have the advantage thereof when the ordinance is properly placed in evidence.

The order appealed from is reversed, and the respondent will have twenty days from the filing of the remittitur in which to file its answer or further plead as it may be advised.

Reversed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.