16307

GARDNER v. CITY OF COLUMBIA POLICE DEPARTMENT
*ET AL.*

(57 S. E. (2d) 308)

220

*Messrs. John M. Daniel, Attorney General, T. C. Callison, R. Hoke Robinson, and James S. Verner, Assistant Attorneys General,* all of Columbia, *for appellant,*

*Mr. Henry H. Edens,* of Columbia, *for respondent,*

January 11, 1950.

FISHBURNE, Justice.

The respondent, Isaac F. Gardner, while employed as a policeman by the City of Columbia, and in the discharge of his duties, was on June 4, 1946 injured by the negligent operation of a truck owned and operated by the Concrete

Construction Company. Thereafter, he filed claim under the Workmen's Compensation Act, Code 1942, § 7035-1 *et seq.*, and entered into a formal agreement with the City of Columbia, with the approval of the South Carolina Industrial Commission. On December 15, 1947 a hearing was held by the Single Commissioner to determine the extent of disability and disfigurement and any other questions arising. As a result of the hearing, the Single Commissioner made an award of $550.00 for serious bodily disfigurement, and an award for partial disability. The claimant at all times following his accidental injury, has received his full salary as a policeman from the City; and he lost no part of his wages.

Upon appeal by appellant to the Full Commission, the award of the Single Commissioner was affirmed; and thereafter the Court of Common Pleas affirmed the action of the Full Commission.

Prior to the hearing held before the Single Commissioner the respondent, as shown by the record, executed a release to the Concrete Construction Company, and the primary question for determination on this appeal is whether an employee who is injured in the course of his employment, and, without the consent of his employer makes a binding settlement with a third party against whom he has a claim for damages for his injury, and executes a complete release to the latter, is thereby debarred from compensation under the Workmen's Compensation Act. Subsidiary questions also arise as to whether or not the instrument executed by the respondent constituted a full discharge and release of all liability attaching to the Concrete Construction Company growing out of the injury; and whether the appellant sustained the burden of proving the affirmative defense that the respondent made a valid and binding settlement with the Concrete Construction Company.

The relevant facts bearing upon the issues under discussion are not in conflict. The only testimony offered at the hearing before the Single Commissioner was that of the

respondent. After testifying to the circumstances connected with the accident and the nature of the injuries suffered by him, the respondent was asked upon cross examination if he had instituted any action for the recovery of damages against the Concrete Construction Company. He replied that a settlement had been drawn up by a local lawyer (evidently the respondent's attorney at that time), and that he signed a paper "to release them (the Concrete Construction Company) of any trouble whatsoever, $300.00; and $75.00 went for drawing up the paper." He further stated that he received this sum of $300.00 from the Construction Company.

The main issue to be decided is whether the foregoing release executed by the respondent to the Construction Company completely exonerated it from all liability. It is contended by the appellant that this release did constitute a complete discharge of such liability, and that by making a binding settlement with the Concrete Construction Company, and having collected from the third party, the respondent cannot now exact payment from the appellant under the Workmen's Compensation Act.

In our opinion, the lower court erred in holding that the paper signed by the respondent did not constitute a full and binding release. Pursuant to the general rule, particular words and expressions in releases are given their ordinary meanings, unless the context indicates their use in a different sense. The scope and effect of a release must be gathered from its terms, which may be interpreted in the light of the surrounding facts and circumstances. 53 C. J., Sec. 84, Page 1266. And it is uniformly considered that a general release, such as the one now before us, not restricted by its terms to particular claims or demands, ordinarily covers all claims and demands due at the time of its execution, and within the contemplation of the parties. No set form of words is necessary to constitute a release.

It seems to us that the conclusion is inescapable, in view of all the concurrent circumstances, that the respondent intended to release the Concrete Con-

struction Company from all claims and demands whatsoever arising out of the accidental injury, and that by so doing, deprived his employer, the City of Columbia, of the right of subrogation to enforce against the Concrete Construction Company any legal liability for the injuries suffered by the respondent under Section 7035-11 of the Workmen's Compensation Act. Nor is there anything to indicate in the slightest degree that the respondent in executing this release was ignorant of his rights, or was misled in any way in asserting them. The respondent barred himself from proceeding under the Workmen's Compensation Act by his election to effect a compromise settlement with the third party tortfeasor,—the acceptance of $300.00 from the third party in full settlement, and the execution of a full release.

This case is controlled by the principles announced in *Taylor v. Mount Vernon-Woodberry Mills,* 211 S. C. 414, 45 S. E. (2d) 809, where it was held, upon substantially similar facts, that if an injured employee executes a valid and binding settlement with a third party tortfeasor, without the consent of the employer, this constitutes an election by the employee, and bars any action or proceeding to collect under the terms of the Workmen's Compensation Act. It was held in that case that a release was tantamount to the procurement and collection of a judgment in an action at law, as provided for by Section 7035-11 of the Code.

It is argued by respondent that the establishment of the release constituted an affirmative defense, and that the burden was upon the appellant to prove such defense, which it failed to do. In answer to this argument, it is clear that the proof of the release was given by the respondent himself, without any objection as to its competency or admissibility under the best evidence rule.

The rule generally adopted is that oral admissions as to the contents of a written instrument are competent evidence of its contents. *Terry v. Husbands,* 53 S. C. 69, 30 S. E. 26.

"The admissions of a party are not open to the same objection which belongs to parol evidence from other sources. A party's own statements and admissions are, in all cases, admissible in evidence against him, though such statements and admissions may involve what must necessarily be contained in some writing, deed or record." Jones on Evidence, Sec. 208, Page 256. And it is generally held that the best evidence rule does not apply to parol admissions in pais and against interest, or acts equivalent thereto, and that such admissions are competent as primary evidence against the party making them, although they involve what must necessarily be contained in a written instrument. 1 Greenleaf on Evidence, Secs. 96, 97; 32 C. J. S., Evidence, § 788, Page 714; 20 Am. Jur., Sec. 425, Page 379; *Llewellyn v. Atlantic Greyhound Corporation,* 204 S. C. 156, 28 S. E. (2d) 673.

In this case, the respondent made out a *prima facie* case and then nullified it by his testimony as to the execution of the release which exonerated the third party tort-feasor from all damages arising out of the accidental injury; and as a direct legal consequence, destroyed the appellant's right of subrogation as provided in the Workmen's Compensation Act.

Judgment reversed.

BAKER, C. J., and TAYLOR and OXNER, JJ., concur.

STUKES, J., dissents.

STUKES, Justice (dissenting).

I agree that the facts of this case bring it within the precedent of *Taylor v. Mount Vernon-Woodberry Mills,* 211 S. C. 414, 45 S. E. (2d) 809. I respectfully dissent again for the reasons stated in opinion filed in that case. The record indicates that this is a harder case upon the unwary and uninformed employee and, to me, accentuates the injustice of the rule.