Harold D. HOUSE and Deborah
S. House, Plaintiffs,

v.

AIKEN COUNTY NATIONAL BANK, Wade Brodie, Gordon Parrott, Ted Morton, L.O. Benton, Harold D. Enloe, David Lock, Stanley Jackson, Michael Laughlin, Richard Von Beudigen, and Gary Milner, Defendants.

Civil Action No. 1:94–1560–6BD.

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 23, 1996.

Harold D. House and Deborah S. House, plaintiffs pro se.

James R. Barber, III, Todd & Barber, Columbia, SC, for defendants.

## ORDER

DUFFY, District Judge.

This matter is before the Court upon Magistrate Judge Bristow Marchant's recommendation that the Defendants' motion to dismiss, treated as a motion for summary judgement, be granted, without prejudice, and that Defendants' motion for sanctions be denied.

### I. PROCEDURAL BACKGROUND

The Plaintiffs, *pro se*, filed this action on June 2, 1994, alleging various securities violations by the named Defendants. This action arises out of Defendant Aiken County National Bank ("ACNB") obtaining possession of a stock certificate from Plaintiffs repre-

senting a controlling interest in a corporation called Med–Trade International, Inc. ("MTI"). The natural Defendants are alleged to have been officers or directors of the Defendant ACNB.

The Defendants filed a motion to dismiss and for sanctions on June 23, 1994 pursuant to Rules 11 and 12(b)(6), Fed.R.Civ.P. Defendants contend in their motion that Plaintiffs have previously executed a release of all claims against the Defendants concerning the issues raised in the complaint. As the Plaintiffs are proceeding *pro se*, a *Roseboro* order was filed on June 5, 1994, advising the Plaintiffs of the importance of a motion to dismiss and of the necessity for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendants' motion may be granted, thereby ending the case. Plaintiffs filed a response on July 13, 1994, and an affidavit on July 18, 1994.

The Magistrate held a hearing on Defendants' motion to dismiss as well as several pending discovery motions on December 8, 1994. After consideration of the arguments presented at the hearing, the Magistrate opined from the bench that it appeared Plaintiffs' complaint was essentially arising out of the same issues previously litigated in a state court case, and covered by the release. Plaintiff (Mr. House) conceded at the hearing that the release was authentic and had been executed by the Plaintiffs, who were at the time represented by counsel.

Because the Plaintiffs are proceeding *pro se*, the Magistrate gave the Plaintiffs ten (10) days in which to present to the court any evidence of fraud or other grounds for a finding that the release was invalid. Plaintiffs then submitted a supplemental memorandum to which the Defendants have filed a response. The Magistrate then held a teleconference on the matter on January 25, 1995.

United States Magistrate Judge Marchant filed a Report and Recommendation on January 30, 1995. The local rules allow a party to object, in writing, to a report and recommendation of a magistrate judge within ten days from the date the report and recommendation is filed. Local Rule 20.08, D.S.C. Plaintiffs filed timely written objections with this court on February 13, 1995.

## II. REVIEW OF MAGISTRATE JUDGE'S REPORT

The Report and Recommendation of the United States Magistrate Judge was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate judge. *See United States Magistrates*, Local Rule 19, D.S.C.; *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Here, objections to the Magistrate Judge's report were filed by the Plaintiffs and the Court has conducted a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objections were made.

This court has carefully considered the Magistrate Judge's Report and Recommendation and Plaintiffs' objections to the Report and Recommendation. This Court concludes that the Magistrate Judge applied correct legal principles and reasoning, and agrees that the Defendants' motion to dismiss should be granted. Finding no error in the report, this court adopts the Report and Recommendation and incorporates it into this Order.

## III. ANALYSIS

This court will address Plaintiffs' objections in the order proffered by Plaintiffs.

The first objection is as follows:

[t]he Magistrate Judge contends that the specificity of the release precludes this action because the release "was signed as a result of previous litigation over a loan and the stock certificate at issue". (page 5,

paragraph 1, Report and Recommendation). This observation is incorrect. The Defendants were not a party to the litigation from which the release arose. Defendants put forth the release as a term and condition of acceptance of payment in a previous litigation in civil court (*Aiken County National Bank v. Med–Trade International, Inc., and Harold and Deborah House*). The release satisfied the issues raised in that litigation, none of which pertained to the stock at issue in this instant case. While it is true that the securities violations alleged by Plaintiffs in this instant case occurred prior to the signing of the release, Plaintiff has stated by affidavit that not only was there no prior knowledge of these acts but that Defendants undertook affirmative acts to conceal the violations. Plaintiffs therefore object to the linkage of the release resulting from one separate, independent action, to this instant action. (Objections at p. 2)

The Magistrate has correctly stated that the release in question in this case was signed in connection with previous litigation in which Mr. and Mrs. House and ACNB were parties. The Plaintiffs seemingly object to the Magistrate linking the release to this action. However, the release is central to the entire proceeding. This court finds, therefore, that this objection is without merit.

The Plaintiffs' second objection is as follows:

[t]he Magistrate Judge's Report and Recommendation ignores the key element of *Petro–Ventures, Inc., v. Takessian,* 967 F.2d 1337 (9th Cir.1992). Although the language of the release is clear, it is limited, as defined in the Petro–Ventures, Inc. decision to events which were known at the time of the release. Plaintiffs have previously submitted affidavits which state specifically that the theft and conversion of the stock at issue was unknown to them. Two subsequent years of litigation against the Defendant Bank's counsel have, finally, revealed these facts which were and are the basis of this action. Petro–Ventures limits a release to known facts. To argue that unknowable but perhaps related facts should be bared by a general release sim-

ply provides a party with a blanket absolution which is strictly contrary to the Petro–Ventures decision. Plaintiffs object to the Report and Recommendation as being inconsistent with the Petro–Ventures Decision. (Objections at p. 3)

Plaintiffs contend that they were unaware of certain actions taken by Defendants prior to the execution of the release, and therefore, the release should be found invalid. Plaintiffs cite *Petro–Ventures, Inc. v. Takessian,* 967 F.2d 1337 (9th Cir.1992) in support of their contention: "In dealing with federal securities, the general rule is that unknown or subsequently maturing causes of action may not be waived." However, the Court in *Petro–Ventures* went on to state:

[w]hen, as here, a release is signed in a commercial context by parties in a roughly equivalent bargaining position and with ready access to counsel, the general rule is that, if 'the language of the release is clear, ... the intent of the parties [is] indicated by the language employed.' *Petro–Ventures, Inc. v. Takessian,* 967 F.2d 1337, 1342 (9th Cir.1992) (quoting *Locafrance U.S. Corp. v. Intermodal Sys. Leasing, Inc.,* 558 F.2d 1113, 1115 (2nd Cir.1977) (quoting *In re Schaefer,* 18 N.Y.2d 314, 274 N.Y.S.2d 869, 872, 221 N.E.2d 538, 540 (1966).

■ Also, the Seventh Circuit has held that a party has a duty of inquiry when signing a release and that the fact that one party is requesting a release should be sufficient notice to the signing party that he should undertake a reasonable inquiry. *Goodman v. Epstein,* 582 F.2d 388 (7th Cir. 1978).

■ The release in question states clearly that, in return for a given consideration, the Plaintiffs release the Defendant ACNB and all of its agents, servants and employees from any and all claims "whatsoever" as a result of any and all actions and dealings between these parties. The release was signed at the conclusion and settlement of litigation which concerned disputed and contested claims and allegations, and contains an acknowledgment by the Plaintiffs that they read and fully understood the terms and

meaning of the release. Plaintiffs were represented by counsel in the former litigation.

■ This Court is of the opinion that *Petro–Ventures, Inc. v. Takessian,* 967 F.2d 1337 (9th Cir.1992) supports the finding by the Magistrate that where a release is the result of negotiations between parties of equal bargaining power who had access to counsel, it is valid and enforceable even with regard to securities fraud claims.

The third objection is as follows:

[t]he Magistrate Judge concludes on Page 9 of his Report and Recommendation that "Plaintiffs executed a release which clearly releases the Defendants named in this action from any and all claims arising out of the dealings between parties set forth in the complaint." This language is vague and incorrect. Plaintiffs object to this conclusion. There is no evidence whatsoever, no written statement, no reference, no mention, and no inference that Plaintiffs signed a release which absolved the Defendants from theft and conversion of a stock certificate. This is the heart of the Petro–Ventures *decision which is that 1) general* releases do not absolve specific acts unknown to one party and 2) securities related acts are be specifically spelled out in any release and 3) releases cannot be granted under SEC Rules cited in Plaintiffs Memorandum which release a party from a securities violation. These decisions are clear and precedent and apply directly to this situation. (Objections at p. 3)

■ This court finds no vagueness in the Magistrate's statement. Also, the Plaintiffs, not the Defendants, have the burden to prove the invalidity of the release. This Court finds no evidence to support such a claim. Furthermore, this court has determined that *Petro–Ventures, Inc. v. Takessian, supra,* supports the Magistrate's finding that the release is valid.

The Plaintiffs' fourth objection is as follows:

[t]he validity of the release in question was affirmed by Plaintiff but only as it pertained, as the Magistrate Judge reported, to Plaintiffs' signatures. It is an issue that Med–Trade International failed to sign the release for at the time of the release Defendants, by their own statements, were, in fact, owners of Med–Trade International. All parties were notified prior to the release that Plaintiffs could not sign for Med–Trade and that MTI would have to be signed for by someone. Further, Plaintiffs promptly notified all parties involved in the release that until the provisions of the release were satisfied that Plaintiffs were not bound by the release. There was no objection raised at any point to this position. Plaintiffs therefore object to the out of hand qualification of the release by the Magistrate; a finding contradictory to and not supported by any history or documentation disputing Plaintiffs statement of fact. (Objections at p. 4)

■ Med–Trade International is not a party to this lawsuit, and therefore, whether it signed the release, or not, is irrelevant. Again, the Plaintiffs have the burden to prove that the release's terms have not been satisfied. This Court finds no evidence to support such a claim.

The Plaintiff's fifth objection is as follows: [a]lthough the Magistrate Judge's Recommendation and Report provides for a remedy regarding the release, that observation and recommendation (See page 10 of the Magistrate Judge's Report) is inconsistent with the previous discussion offered in the Report. In this section of the discussion and in the conclusion, the Magistrate clearly does not dismiss this case on its merits but on the basis of a previously signed release. The Magistrate does not contest that this instant action has a "home" in this Court. Rather, the Magistrate suggests a return to the South Carolina Court of Common Pleas to overturn the release so "they (Plaintiffs) could then return to this Court to pursue any proper federal claims . . ." Plaintiff objects to the prejudicial linkage of the federal claims brought in this instant action to a release obtained in South Carolina courts involving another action with causes completely unrelated to this instant action and arising from a separate fact basis. This suggested remedy begs the issue when the resolution is clear

as a result of the *Petro–Ventures* decision. (Objections at p. 5)

Again, this court has determined that *Petro–Ventures, Inc. v. Takessian, supra,* supports the Magistrate's finding that the release is valid.

Plaintiffs also object to the Magistrate's gratuitous instruction as to how Plaintiffs may obtain the relief they seek. This Court need not address this objection.

## IV.  CONCLUSION

It is, therefore,

**ORDERED,** for the reasons articulated above, and in the Magistrate Judge's Report and Recommendation, which is herein incorporated, that the Defendants' motion to dismiss, treated as a motion for summary judgement, be **GRANTED,** without prejudice, and that Defendants' motion for sanctions be **DENIED.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

### Jan. 31, 1995.

This action was filed by the Plaintiffs, *pro se,* on June 2, 1994, alleging various securities violations by the named Defendants. This action arises out of Defendant Aiken County National Bank ("ACNB") obtaining possession of a stock certificate from Plaintiffs representing a controlling interest in a corporation called Med–Trade International, Inc. ("MTI"). The natural Defendants are alleged to have been officers or directors of the Defendant ACNB.

The Defendants filed a motion to dismiss and for sanctions on June 23, 1994 pursuant to Rules 11 and 12(b)(6), Fed.R.Civ.P. Defendants contend in their motion that Plaintiffs have previously executed a release of all claims against the Defendants concerning the issues raised in the complaint. As the Plaintiffs are proceeding *pro se,* a *Roseboro* order was filed on June 5, 1994, advising the Plaintiffs of the importance of a motion to dismiss

and of the necessity for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendants' motion may be granted, thereby ending this case. Plaintiffs filed a response to the Defendants' motion on July 5, 1994, an additional response on July 13, 1994, and an affidavit on July 18, 1994.

The undersigned held a hearing on Defendants' motion to dismiss as well as several pending discovery motions on December 8, 1994. After consideration of the arguments presented at the hearing, the Court opined from the bench that it appeared Plaintiffs' complaint was essentially arising out of the same issues previously litigated in a state court case, and which were covered by the release. Plaintiff (Mr. House) conceded at the hearing that the release was authentic and had been executed by the Plaintiffs, who were at that time represented by counsel.

Because the Plaintiffs are proceeding *pro se,* the Court gave the Plaintiffs ten (10) days in which to present to the Court any evidence of fraud or other grounds for a finding that the release was invalid. *See generally, Maw v. McAlister,* 252 S.C. 280, 166 S.E.2d 203 (1969); *Virginia Impression Products, Co. v. SCM Corporation,* 448 F.2d 262 (4th Cir. 1971). Plaintiffs then submitted a supplemental memorandum to the Court, to which the Defendants have filed a response. This matter is now before the Court for disposition.[1]

### Discussion

As noted, the Defendants have moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), Fed.R.Civ.P. Rule 12(b)(6) seeks dismissal for failure to state a claim upon which relief can be granted. Rule 12(b) further provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed

---

1. This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(b)(2)(E), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Both parties have submitted material by way of affidavit or exhibit which relates to prior disputes between the parties. Further, the *pro se* Plaintiffs have been advised by the Court of the requirements for adequately responding to Defendants' motion both orally and pursuant to the Court's *Roseboro* order, and have been given a reasonable opportunity to submit material in opposition to the motion. Therefore, this Court shall consider the Defendants' motion pursuant to the standards for summary judgment under Rule 56.

Rule 56 provides that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party has the burden of proving that judgment on the pleadings is appropriate. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979). Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed. R.Civ.P.; *Celotex, supra.* The opposing party may not rest on the mere assertions contained in the pleadings. *Id.*

Additionally, the Federal Court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As the Plaintiffs are proceeding *pro se,* their pleadings are considered pursuant to this liberal standard. However, the requirement

of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir.1990).

The sole issue before the Court on Defendants' motion is the validity and applicability of the release signed by the Plaintiffs. In order to defeat Defendants' motion, the Plaintiffs must present evidence of fraud or misrepresentation in the execution of the release. As noted, Plaintiffs do not dispute that the release offered by the Defendants is authentic and was signed by the Plaintiffs, who were at the time represented by counsel.[2] The release was signed as a result of previous litigation over a loan and the stock certificate at issue. The release provides, *inter alia,* as follows:

> [f]or valuable consideration, the receipt of which is hereby acknowledged, the undersigned, Harold D. House [and] Deborah S. House ..., for themselves ... and their ... heirs [and] assigns ... do hereby release, acquit, and forever discharge Aiken County National Bank and Fidelity and Deposit Company of Maryland and their successors, assigns, administrators, receivers, agents, servants, employees, and all others known or unknown associated with them from any and all claims, actions, and elements of damage whatsoever which may have already arisen or occurred or which might arise or occur in the future as a result of any and all civil or criminal actions against Harold D. House [and] Deborah S. House ... in which Aiken County National Bank and Fidelity and Deposit Company of Maryland have participated as of and through the date of this release as well as a result of any and all other matters and dealings which Harold D. House [and] Deborah S. House ..., Aiken County National Bank, and Fidelity and Deposit Company of Maryland may have engaged in as of and through the date of this release.

---

**2.** Plaintiff's argument that the release is not binding because Med–Trade International ("MTI") did not sign it is without merit. Plaintiffs signed

the release, and the issue is whether it is binding on them. MTI is not a party to this action.

The undersigned, Harold D. House [and] Deborah S. House ... further declare and represent that no promises, inducements, or agreements not hereinabove expressed have been made to them ... and that this release is freely and voluntarily entered into after having been read and fully understood by them ... and that this release contains the entire agreement between themselves ... and Aiken County National Bank and Fidelity and Deposit Company of Maryland....

Plaintiffs in the case at bar seek damages against the Defendants for alleged wrongful acts committed prior to the date of the execution of the release and for the alleged failure of the Defendants to return a stock certificate of MTI to the Plaintiffs in the exact same form. *see Complaint.* That the underlying facts in the case at bar relate to previous litigation and a resulting settlement agreement between the parties is made evident from a review of the allegations of Plaintiffs' complaint and the material submitted in support thereof. The Complaint and the affidavit of Plaintiff Deborah S. House clearly show that the Plaintiffs are attempting to nullify or void the referenced settlement agreement based on allegations that they were not aware of some actions which had been taken by the Defendants prior to consummation of the settlement. *see generally Complaint,* at ¶¶ 1–25 [statement of factual background], ¶¶ 31–38; *House Affidavit,* at ¶¶ 5, 17–18, 20–22.

When considering the validity of the release, the Court has considered both state and federal law.[3] It is clear that under state law in order to void the release the Plaintiffs must show fraud, undue influence or like circumstances. *see Alderman v. Bivin,* 233 S.C. 545, 106 S.E.2d 385 (1958); *Maw v. McAlister, supra.* Federal law also considers a release to be a contract between the parties which will not be voided absent mutual mistake, fraud or misrepresentation. *Virginia Impression Products, Co. v. SCM Corporation, supra.*

Plaintiffs have alleged that they were not aware of certain actions taken by the Defendants prior to execution of the release and, therefore, the release should be found invalid. Plaintiffs also contend that the release does not apply to securities fraud claims, citing *Petro–Ventures, Inc. v. Takessian,* 967 F.2d 1337 (9th Cir.1992). However, the case law is clear that where a release is the result of negotiations between parties of equal bargaining power who had access to counsel, it is valid and enforceable even with regard to securities fraud claims. *Id.* at 1342–1343. Further, Plaintiffs' claim that they were unaware of certain actions taken by Defendants prior to execution of the release does not constitute automatic grounds to void the release. The release itself makes clear that, in return for a given consideration, the Plaintiffs released the Defendant ACNB and all of its agents, servants and employees from any and all claims "whatsoever" as a result of any and all actions and dealings between these parties. The language of the release could not be clearer. The release was signed at the conclusion and settlement of litigation which concerned disputed and contested claims and allegations, and contains an acknowledgement by the Plaintiffs that they read and fully understood the terms and meaning of the release. Significantly, even though this Court granted the Plaintiffs an extended opportunity to produce evidence to show that their signing of the release was induced by fraud, misrepresentation or other factors, they have failed to produce an affidavit or statement from the attorney who represented them in the former litigation, any documents to show they were not fully informed or advised as to the content of the settlement of that previous litigation, or any other evidence sufficient to raise a genuine factual dispute as to this issue. Plaintiff's conclusory allegations, without more, are insufficient to provide evidence of fraud or to defeat a properly supported motion for summary judgment. *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987).

The Court specifically advised Mr. House at the hearing that the issue to be resolved was not the truth or falsity of the allegations set forth in the complaint, but whether there were any grounds for this Court to find that

**3.** Plaintiffs' complaint asserts claims on the basis of both state and federal law.

the release which had been signed by the Plaintiffs relating to these allegations was invalid. In response, Plaintiffs have presented arguments that go to the merits of the previous settlement. On January 25, 1995, the Court inquired in a conference call with the parties as to whether the parties had executed a settlement agreement in connection with the release at issue. Pursuant to that inquiry, the Plaintiff Mr. House provided the Court with a copy of the Order Approving Settlement and Dismissal in the state action, C/A No. 89–CP–02–981, and a copy of the Settlement Agreement.[4] A review of the Settlement Agreement, signed by both Mr. and Mrs. House and by Defendant ACNB, shows that, as part of the settlement of that state litigation, ACNB was to satisfy and discharge its judgment against the Plaintiffs and "[t]hat ACNB shall transfer and assign to Plaintiffs all shares of MTI obtained from Plaintiffs and all corporate records of MTI." The Settlement Agreement does not set forth any set or guaranteed value for this stock.

The Plaintiffs admit that the Defendants returned to them a MTI stock certificate. However, the Plaintiffs allege that the MTI stock certificate returned to them by the Defendants was not the actual certificate that the Plaintiffs had provided to the Defendants for collateral on a loan. *see Affidavit of Deborah House,* ¶ 21. Even assuming *arguendo* that this statement is true, the Plaintiffs have failed to provide any evidence that the Defendant was obligated to return the same certificate or that its failure to do so constitutes fraud.

The Plaintiffs executed a release which clearly releases the Defendants named in this action from any and all claims arising out of the dealings between the parties set forth in the complaint. The evidence before the Court shows that the Plaintiffs signed the release, after consultation with counsel, as a result of a settlement of disputed claims and in return for a set consideration. Therefore, the release is valid on its face. *Gecy v.*

*Prudential Ins. Co.,* 273 S.C. 437, 257 S.E.2d 709, 711–712 (1979); *Gardner v. Columbia Police Dep't,* 216 S.C. 219, 57 S.E.2d 308, 309–310 (1950); *Virginia Impression Products, Co. v. SCM Corporation, supra; Petro–Ventures, Inc. v. Takessian, supra; Alderman v. Bivin, supra; Maw v. McAlister, supra.* The only issue before this Court is whether the release signed as a result of that previous settlement is invalid because of fraud, misrepresentation or like circumstances. Plaintiffs have failed to provide any evidence, other than their own conclusory allegations, that they were induced to enter into this release because of fraud or misrepresentation. *Virginia Impression Products, Co. v. SCM Corporation, supra,* at 265–266.

However, Plaintiffs are not without a remedy. If the agreed upon consideration for the execution of the release has not been tendered, then Plaintiffs' may seek a voidance of the settlement agreed to in the previous litigation and which gave rise to the execution of the release itself. The order approving the settlement and dismissing the case specifically provides that the state court "shall retain jurisdiction to enforce the settlement agreement and that in the event that any party fails to comply with the settlement agreement, any interested party may by affidavit bring the failure to the Court's attention in which event the Court shall take such action as may be appropriate." *see* Order dated March 5, 1992.

### Conclusion

Based on the foregoing, Defendants' motion to dismiss, treated as a motion for summary judgment, should be granted, without prejudice. This will allow Plaintiffs to return to state court to seek a voidance of the previous settlement between the parties, which would include the release. In the event Plaintiffs are successful in such an effort, they could then return to this Court to pursue any proper federal claims, if any. Defendants' motion for sanctions should be **denied.**

4. The Order and Settlement Agreement are apparently subject to a confidentiality agreement which provided that the records in the state litigation were to be sealed. Although not raised by either party, the undersigned herein orders *sua sponte* that the copy of the Order and Settlement Agreement provided by Plaintiff Mr. House be placed under seal.

The parties are referred to the Notice Page attached hereto.

/s/ Bristow Marchant
BRISTOW MARCHANT
United States Magistrate Judge

## ATTACHMENT

### *Notice of Right to File Objections to Magistrate Judge's Report and Recommendation & The Serious Consequences of a Failure to Do So*

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R.Civ.P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed.R.Civ.P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. *Advance Coating Technology, Inc. v. LEP Chemical, Ltd.,* 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y.1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See *Mathews v. Weber,* 423 U.S. 261, 270–271 [96 S.Ct. 549, 554–555, 46 L.Ed.2d 483] (1976); and *Estrada v. Witkowski,* 816 F.Supp. 408, 410 (D.S.C.1993).

During the ten-day period, *but not thereafter,* a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See *United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied, Schronce v. United States,* 467

U.S. 1208 [104 S.Ct. 2395, 81 L.Ed.2d 352] (1984); and *Wright v. Collins,* 766 F.2d 841, 845–47 & nn. 1–3 (4th Cir.1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS,* 932 F.2d 505, 508–509 (6th Cir.1991). See also *Praylow v. Martin,* 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 [106 S.Ct. 535, 88 L.Ed.2d 466] (1985). In *Howard, supra,* the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord Lockert v. Faulkner,* 843 F.2d 1015, 1017–19 (7th Cir.1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir.1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir.1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See *Wright, supra,*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir.1989). Filing by mail pursuant to Fed. R.Civ.P. 5 may be accomplished by mailing addressed as follows:

> Larry W. Propes, Clerk
> United States District Court
> 1845 Assembly Street
> Columbia, South Carolina 29201